IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CR-122-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOSE RUIZ RIVERA, | ) | |
| | ) | |
| Defendant. | ) | |

On August 6, 2013, pursuant to a written plea agreement, Jose Ruiz Rivera ("Rivera") pleaded guilty to conspiracy to possess with the intent to distribute five kilograms of more of cocaine. See [D.E. 26, 28]. On May 21, 2014, the court held Rivera's sentencing hearing. See [D.E. 47, 48]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Rivera's total offense level to be 33, his criminal history category to be III, and his advisory guideline range to be 168 to 210 months' imprisonment. See Resentencing Report. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Rivera to 188 months' imprisonment. See id.; [D.E. 48]. Rivera did not appeal.

On December 8, 2014, Rivera moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 51]. Rivera's new advisory guideline range is 135 to 168 months' imprisonment, based on a total offense level of 31 and a criminal history category of III. See Resentencing Report. Rivera requests a 151-month sentence. See id.; [D.E. 51].

The court has discretion under Amendment 782 to reduce Rivera's sentence. See, e.g., Chavez-Meza v. United States, No. 17-5639, 2018 WL 3013811, at *4–7 (U.S. June 18, 2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th

Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Rivera's sentence, the court finds that Rivera engaged in serious criminal behavior involving a large quantity of cocaine. See PSR ¶¶ 5–7. Moreover, Rivera is a recidivist and has convictions for possession of marijuana, illegal reentry of an aggravated felon, and conspiracy to distribute marijuana. See id. ¶¶ 11–13. Moreover, Rivera performed poorly on supervision and has a spotty work history. See id. ¶¶ 11, 30–36.

Having reviewed the entire record and all relevant policy statements, the court finds that Rivera received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Rivera's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Rivera's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 2018 WL 3013811, at *4–7; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Rivera's motion for reduction of sentence [D.E. 51].

SO ORDERED. This 20 day of June 2018.

JAMES C. DEVER III
Chief United States District Judge

2